IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bobby Cruz,<br><br>　　　　　Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>　　　　　Respondent. | No. CV-23-00570-TUC-AMM<br><br>**ORDER** |

On August 19, 2024, Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R") recommending this Court deny Petitioner Bobby Cruz's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. 19.) Petitioner filed an objection to the R&R and Respondent filed a response. (Docs. 22, 25.) For the reasons discussed below, the Court will overrule Petitioner's objections and adopt the R&R.

A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that the Petition should be denied on its merits because

the sentencing court appropriately considered Petitioner's financial resources in ordering restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"). (Doc. 19 at 3.) The Magistrate Judge, therefore, concluded that the Bureau of Prisons ("BOP") is collecting restitution in compliance with the Ninth Circuit's decision in *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). (*Id.* at 4.) Petitioner asserts that the sentencing court's restitution order does not authorize BOP to collect restitution payments pursuant to the MVRA through the Inmate Financial Responsibility Program ("IFRP"). (Doc. 22 at 1.) Petitioner reasons that the restitution order's direction that payment be "due immediately"—as applied in the Ninth Circuit—unlawfully delegates the sentencing court's responsibility in violation of *Ward* and the MVRA. (*Id.* at 4–6.)

Because the sentencing Court "assessed [Petitioner's] ability to pay" before it ordered that he begin "immediately" paying the $3,202.82 in restitution, with payments "at least 10% of net monthly income," the restitution order is lawful under the MVRA and complies with *Ward*.[1] 18 U.S.C. § 3664(f)(2) (the MVRA requires that the district court "specify in the restitution order the manner in which, and the schedule according to which, restitution is to be paid, in consideration of" the defendant's financial circumstances); *see Ward*, 678 F.3d at 1049–50 (a sentencing court does not unlawfully delegate its responsibility in conflict with the MVRA when it "determines that the defendant's financial resources are sufficient such that periodic payments are unwarranted"). Since Petitioner

---

[1] The sentencing court's finding that Petitioner did not have the ability to pay interest, and its subsequent order that the interest requirement be waived, supports the conclusion that the sentencing court considered Petitioner's ability to pay. (Doc. 1-2 at 27.) Further, under the Federal Rules of Criminal Procedure, the probation officer must prepare a presentence report and submit that report to the court before sentence is imposed. Fed. R. Crim. P. 32(c)(1)(A). If the law permits restitution, as it does here, the presentence report must contain "sufficient information for the court to order restitution[,]" including "information relating to the economic circumstances of each defendant." *Id.* at 32(c)(1)(B); 18 U.S.C. § 3664(a). Here, there is no evidence that the sentencing court deviated from the standard procedure, and Petitioner did not assert that the sentencing court failed to consider his financial resources before imposing restitution. This Court may presume that the sentencing court had information of Petitioner's financial situation before sentencing and that the sentencing court considered that information when issuing the restitution order. *See United States v. Martin*, 278 F.3d 988, 1006 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002) ("The court had before it information regarding Defendant's financial resources that it presumably considered and found insufficient to warrant periodic payments.").

did not immediately pay the restitution amount, BOP is permissibly collecting restitution payments from Petitioner through the IFRP. *See* 28 C.F.R. § 545.10 (the BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations" through the IFRP).

The Court has reviewed the filings in this case, including the Petition (Doc. 1), Response (Doc. 14), Reply (Doc. 17), the R&R (Doc. 19), Petitioner's Objection (Doc. 22), and Respondent's Response (Doc. 25). Upon a de novo review, the Court agrees with the Magistrate Judge's determination and legal findings and adopts the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 19.)

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**. (Doc. 1.) The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 16th day of May, 2025.

Honorable Angela M. Martinez
United States District Judge